JUAN DÍAZ RIVERA, Plaintiff and Appellant, *v.* MUNICIPALITY OF CAYEY ET AL., Defendants and Appellees.

No. R-69-159.    Decided June 22, 1970.

*Freddy Vega Torres, José B. Díaz Asencio,* and *José Hamid Rivera* for appellant.

MR. JUSTICE TORRES RIGUAL delivered the opinion of the Court.

Appellant filed a complaint against the Municipality of Cayey, claiming the payment of a just compensation, including damages sustained for having deprived him of his property for public use without following the legal proceeding. The complaint alleges that in 1961 the Municipality laid out and constructed a highway along a property belonging to him without compensating him up to date for the condemnation of the land; that as a result of the lay out of said highway, the property was divided without the proper ways of access, and that the coffee plantation and the truck gardening he had on the land taken were destroyed.

The trial court, at the request of the Municipality, dismissed the complaint on the ground that the Municipality had not been notified about the nature of the damages sustained and other requirements of the law within the term of ninety days, pursuant to § 96 of the Municipal Law, 21 L.P.R.A. § 1603. In acting thus it erred.

The aforementioned § 96 of the Municipal Law provides that any person having any claim against a municipality for *damages to the person* or *property* caused through the *fault* or *negligence* of a municipality shall notify to the mayor the date, place, cause, and nature of the damage sustained, as well as the amount of compensation or the type of adequate remedy, the names and addresses of his witnesses and the address of the claimant and of the place where he received medical treatment. The evident purposes of this notice, as stated in *Mangual* v. *Superior Court*, 88 P.R.R. 475, 478 (1963), were: 1) to give to these political agencies an opportunity to investigate the facts giving rise to the claim; 2) to discourage unfounded claims; 3) to facilitate prompt settlement; 4) to permit the immediate inspection of the scene of the accident before conditions change; 5) to discover the name of the persons who have knowledge of the facts and to interview them while their recollection is more trustworthy; 6) to notify the

municipal authorities of the existence of the claim to enable them to make the necessary reserve in the annual budget; and 7) to minimize the amount of the damages sustained by prompt intervention offering proper medical treatment and providing hospitalization facilities to the injured party.

■ Said purposes may be properly condensed into two: a) to avoid fraudulent and excessive claims, and, b) to offer the municipality the opportunity of mitigating the damages. *Insurance Co. of P.R.* v. *Ruiz Morales*, 96 P.R.R. 170 (1968).

■■ In the light of the legislative history and of the very terms of the statute, we have limited the requirement of the notice of the aforementioned § 96 to those claims for damages *ex delicto* which originate in §§ 1802 and 1803 of the Civil Code, 31 L.P.R.A. §§ 5141, 5142. *Rosario Quiñones* v. *Municipality of Ponce*, 92 P.R.R. 571 (1965). The case at bar does not involve a claim for damages under §§ 1802 or 1803 of the Civil Code. It deals with a claim for just compensation for the use of private property without the due process of law, a claim which issues under the authority of § 9 of Art. II of the Constitution of the Commonwealth of Puerto Rico:

"Private property shall not be taken or damaged for public use except upon payment of just compensation and in the manner provided by law."

■ Said claim does not present to the Municipality of Cayey any of the risks which the lawmaker sought to avoid in approving the aforesaid § 96 and which we have previously mentioned. The nature of the cause of action exercised presupposes that the municipal authorities concerned had knowledge of the official action which gave rise to appellant's claim. It is inconceivable that the construction of a public road which requires the appropriation of municipal funds, the preparation of drawings, the employment of equipment and personnel, the approval of payrolls and the corresponding disbursement of

funds, may occur, all of it, without the knowledge thereof by the Municipality. Furthermore, it is easy for the municipal authorities to verify in the official documents all these particulars and to prepare themselves adequately to challenge the credibility of the contentions of appellant, who, on the other hand, is not relieved from the burden of proving his title of ownership of the land taken, as well as the value thereof. Neither does the lack of notification prejudice in any manner the Municipality for not having been given the opportunity of mitigating the alleged damages. *Cf. Insurance Co. of P.R.* v. *Ruiz Morales, supra.* They consist mainly of the value of the land taken, of the plantations destroyed, and of the severance damages, all of which is subject to expert testimony. The notice under these circumstances does not fulfill any useful purpose. However, it subjects appellant to a burdensome limitation in his exercise of his right to claim.

■ It is useful to remember what we stated in *Insurance Co. of P.R.* v. *Ruiz Morales, supra,* to the effect that our inclination has been not to extend the notice requirement without critical sense. Said inclination acquires greater strength when we are dealing, as in the case at bar, with a claim of pure constitutional lineage.

The judgment rendered by the trial court in this case will be reversed, and the case remanded for further proceedings consistent with what has been stated herein.

Mr. Chief Justice Negrón Fernández did not participate herein.